**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE

JAMES STILE,                         :    CIV. NO. 16-3832 (RMB)
                                     :
            Plaintiff,               :
                                     :
     v.                              :    MEMORANDUM AND ORDER
                                     :
FEDERAL BUREAU OF PRISONS, et al.,   :
                                     :
            Defendants.              :
```

This matter comes before the Court upon Plaintiff's submission of a civil rights complaint, and his application to proceed in forma pauperis. (Compl., ECF No. 1; IFP App., ECF No. 1-2.) Plaintiff is a prisoner confined in FCI Fort Dix. (Id., ¶3.)

I.   IFP APPLICATION

28 U.S.C. § 1915(a) provides that a prisoner seeking to bring a civil action without prepayment of fees shall submit an affidavit indicating the person is unable to pay such fees, and shall also "submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff's IFP application is missing the trust fund account statement for the 6-month period immediately preceding the filing

1

of the complaint. The Court will deny the IFP application without prejudice.

II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

Under 28 U.S.C. § 1915(e)(2)(b) and § 1915A,[1] the Court is required to review a prisoner's civil rights complaint and dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

III. DISCUSSION

A. The Complaint

Plaintiff alleges the following in his Complaint. In the Fall of 2015, Plaintiff asked Defendant Colina, an employee of the Federal Bureau of Prisons who was assigned to work in Food Services #10, if he could be relieved from his work assignment in the dining hall due to his deadlines for filing legal work. (Compl., ECF No. 1, ¶17.) Colina refused. (Id.) Plaintiff went to Colina's supervisor, Burns, who referred Plaintiff back to Colina. (Id.) Plaintiff alleged the decision not to relieve him of work

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or properly obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

responsibilities before the 180th day of employment violated his right of access to the courts, and his right to due process. (Id., ¶18.)

Plaintiff provided each defendant with a copy of Program Statement 1315.071, which allows dispensation from work responsibilities based on impending court deadlines, and he also filed administrative remedy forms and cop-outs to let each defendant know about his grievance. (Id.) On November 9, 2015, Colina overruled Burns's decision that Plaintiff could do his legal work in the dining hall when he was not busy, "the same as others could do educational reading and homework." (Id., ¶19.) Plaintiff alleged this was discrimination against him "due to other workers failure to perform their work duties." (Id.)

On November 10, 2015, Plaintiff had a medical appointment and did not report to work. (Id., ¶20.) Colina wrote a retaliatory disciplinary report against Plaintiff, knowing Plaintiff had told her about his medical appointment the previous day, and his name was published on the medical "call-out" sheet. (Id.) Plaintiff was intimidated into signing an informal resolution of his grievance over the retaliatory disciplinary report. (Id., ¶21.)

Plaintiff repeatedly asked Correctional Officer/Counselor Malloy for assistance with his request for time off work to meet

3

his legal filing deadlines. (Id., ¶22.) Malloy would not help. (Id.) Plaintiff sought help from Malloy's supervisor, Robinson, the housing unit manager. (Id., ¶23.) Robinson failed to intervene of Plaintiff's behalf. (Id.) Colina then discriminated against Plaintiff by reducing his work hours. (Id., ¶29.)

On December 2, 2015, Colina filed a disciplinary report against Plaintiff for offering a bribe. (Id., ¶30.) Plaintiff had offered not to file a BP-8 grievance against Colina, if Colina "agreed not to discriminate by taking Plaintiff's hours." (Id., ¶29.) This accusation caused Plaintiff emotional distress and inability to work on his other legal obligations. (Id., ¶30.) Plaintiff's PTSD and panic disorder were exacerbated. (Id.)

Plaintiff is 60-years-old, and has been found disabled under the Social Security Administration definition of disability since 1988. (Id., ¶31.) Plaintiff was in medical segregation for spinal injuries for the ten-month period prior to his admission to FCI Fort Dix, and his muscles were atrophied. (Id.) He was assigned to a second floor room and a food services work assignment over his objections. (Id.) He was not given a neurological examination prior to his work assignment. (Id.)

The medical work limitations assigned by Dr. Sood[2] at FCI Fort Dix did not match the work limitations Plaintiff was given outside of prison, in connection with his social security disability finding. (Id.) Plaintiff had not been provided an MRI of his spine with contrast, which was ordered by two doctors in January 2015. (Id.) He was not seen by a neurosurgeon until January 2016. (Id.) Plaintiff alleges all defendants were advised of his disabilities, and that he should not be compelled to work. (Id.) Colina compelled Plaintiff to perform work that was prohibited by the work limitations recommended by the FCI Fort Dix medical department, including bending and lifting. This exacerbated pain in his spine. (Id., ¶33.)

Plaintiff alleges the following causes of action: 1) retaliation and discrimination by Colina in violation of 42 U.S.C. § 2000e; 42 U.S.C. § 1981(a); 2) Burns is liable as Colina's supervisor and due to her awareness and complicity in Colina's misconduct; (3) Malloy is liable because Malloy was aware of and failed to stop the violations by other staff against Plaintiff; (4) Robinson is liable based on his awareness of the retaliation and discrimination, and failure to intervene on Plaintiff's

---

[2] Plaintiff did not name Dr. Sood as a defendant in this action, and the Court assumes Plaintiff is not trying to state a claim against him.

behalf; (5) Associate Warden Mason is liable for her failure to act on Plaintiff's grievances against Colina, Burns, Robinson, Malloy and others; (6) Hazelwood, Associate Warden of Food Services, is liable for the conduct of Colina and Burns, because Plaintiff told Hazelwood about their retaliatory and discriminatory acts, and Hazelwood failed to intervene; (7) Warden Hollingsworth is liable for failing to intervene after Plaintiff complained directly to him about the acts of retaliation and discrimination; (8) Correctional Officer/Psychologist Rehwinkle is liable for deliberate indifference because she knew of the harm done to Plaintiff by retaliation and discrimination in Food Services but allowed it to continue; (9) Assistant Medical Director Wilkes was aware of Plaintiff's grievances about being compelled to work in the dining hall; additionally Wilkes failed to obtain Plaintiff's medical records for many months, and refused to review the MRI reports that supported Plaintiff's disability status with the Social Security Administration; (10) the Federal Bureau of Prisons is liable to Plaintiff for violation of his constitutional rights, and for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101; and (11) Correctional Officer Kwartin is in charge of all job changes on the west compound of FCI Fort Dix and

6

refused to help Plaintiff with a job change out of the kitchen. (Compl., ¶34.)

B. <u>Standard of Review</u>

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." <u>Id.</u> A court need not accept legal conclusions as true. <u>Id.</u> Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. <u>Id.</u> Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by

7

factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.    Claims Under Bivens

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), the Supreme Court held that damages may be obtained for injuries caused by "a violation of the Fourth Amendment by federal officials." Bivens also extends to Eighth Amendment claims by prisoners, see e.g., Carlson v. Green, 446 U.S. 14 (1980), First Amendment retaliation claims, see Hartman v. Moore, 547 U.S. 250, 256 (2006), and Fifth Amendment substantive due process and equal protection claims, see e.g. Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 67 (3d Cir. 2011). In the limited settings where Bivens applies, "the implied cause of action is the 'federal analog to suits brought against state officials under ... 42 U.S.C. § 1983.'" Iqbal, 556 U.S. at 675–76 (quoting Hartman, 547 U.S. at 254 n. 2). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity." Corr. Services. Corp. v. Malesko, 534 U.S. 61, 72 (2001).

8

Like § 1983 claims, there is no respondeat superior liability under Bivens, a defendant must have personal involvement in the constitutional violation for liability to attach. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A supervisor, however, may be liable for his own misconduct. Barkes v. First Corr. Medical, Inc., 766 F.3d 307, 320 (3d Cir. 2014) reversed on other grounds by Taylor v. Barkes, 135 S.Ct. 2042 (2015). The level of intent necessary to establish supervisory liability varies with the underlying constitutional tort. Id. at 319. For example, if the underlying tort is denial of adequate medical care under the Eighth Amendment, the mental state required to hold a supervisor liable for his own misconduct is deliberate indifference. Id.

Liberally construing the Complaint, Plaintiff is alleging violation of his First Amendment right of access to the courts; retaliation in violation of his First Amendment; cruel and unusual punishment in violation of the Eighth Amendment; violation of the Americans with Disabilities Act; and violation of Title VII of the Civil Rights Act of 1964. Plaintiff also asserts he has exhausted his remedies to file claims under the Federal Tort Claims Act.

2. First Amendment Right of Access to the Courts

Plaintiff alleges Colina's failure to give him time off from his prison work assignment to meet the court deadlines in his

9

litigation violated his First Amendment right of access to the courts.[3] "[T]o pursue a claim of denial of access to the courts an inmate must allege actual injury, such as the loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997)(citing Lewis v. Casey, 116 S.Ct. 2174, 2179 (1996)). Plaintiff has not alleged an actual injury that occurred as the result of Defendants' failure to give him time off work to meet his legal deadlines. See Tourscher v. McCullough, 184 F.3d 236, 242 (3d Cir. 1999)(prisoner failed to allege facts showing that number of hours he worked in prison cafeteria caused an actual injury to his pursuit of a legal claim.) Therefore, if he can allege facts showing an actual injury, Plaintiff should amend his Complaint to avoid dismissal of this claim.

    3.    First Amendment Retaliation Claim

---

[3] Plaintiff also alleges Colina's refusal to give him time off work, as permitted by Program Statement 1315.071, violated his right to due process. No protectible liberty interest is created by a regulation which accords officials "unfettered discretion." Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 465-66 (1981). Conversely, regulations which mandate procedural protections create a liberty interest protected by the Due Process Clause. Drayton v. Robinson, 719 F.2d 1214, 1217 (3d Cir. 1983). Plaintiff has not provided the language of Program Statement 1317.071. The Court cannot, at this time, determine whether Plaintiff has a due process liberty interest in time off his prison work assignment to perform legal work, under Program Statement 1315.071.

Plaintiff alleges two acts of retaliation by Colina. First, he alleges Colina filed a disciplinary report against him for not reporting to work, although Colina knew he had a medical appointment that morning. Second, Plaintiff alleges Colina filed a disciplinary report against him for offering a bribe. The alleged bribe was that Plaintiff would not file his grievance against Colina, if Colina agreed not to reduce Plaintiff's work hours.

The elements of a retaliation claim include (1) constitutionally protected conduct, (2) an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)(quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)(alteration in original). To meet the third element: a plaintiff must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)(citing Krouse v.

11

American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997); Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997)).

Although Plaintiff characterizes Colina's conduct of writing disciplinary reports as retaliation, nowhere in the Complaint does Plaintiff state why Colina was retaliating against him. The first element of a retaliation claim is that the retaliation was aimed at constitutionally protected conduct. The present Complaint contains insufficient facts to state a retaliation claim against Colina or any person who failed to intervene regarding Plaintiff's complaints of retaliation by Colina.

4. Equal Protection Claims

Plaintiff alleged two acts of discrimination by Colina. First, Colina overruled Burns's decision that Plaintiff could do legal work in the dining hall when he was not serving food, "the same as others could do educational reading and homework." Colina revoked Plaintiff's privilege of doing his legal work when other workers failed to perform their work duties. Second, Colina reduced Plaintiff's hours after they were logged into payroll.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Renchenski, 622 F.3d 315, 337 (3d Cir. 2010)(quoting U.S. Const. amend. XIV, § 1.)

12

"'To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated.'" Id. (quoting Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003)). A plaintiff is required to allege that he was treated differently because he was a member of a suspect class or because he exercised a constitutional right. Id. (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-40 (1985).

To allege an equal protection claim under the "class of one" theory, a plaintiff must allege he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." Id. at 337-38 (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000.))

The facts alleged to support Plaintiff's equal protection claims are insufficient. Plaintiff did not allege he is a member of a suspect class. He did not allege the reason Colina would not allow him to do legal work in the dining hall was to discriminate against him for exercising his right of access to the courts.

Plaintiff's equal protection claims also fail under the class of one theory. Plaintiff did not allege that he was the only person in the prison not allowed to do legal work during his prison job.

13

Therefore, the Complaint fails to state an equal protection claim against Colina and the defendants who failed to intervene on Plaintiff's behalf.

Plaintiff further alleged he was discriminated against when Colina reduced his work hours, because other kitchen workers who had the same hours did not have their hours reduced. As with the above claim, Plaintiff did not allege that Colina did this because Plaintiff was a member of a suspect class. Plaintiff did not allege that he was the only person in the prison whose work hours were reduced, and that there was no rational basis for doing so, as required to state an equal protection claim under the class of one theory. Furthermore, there appears on the face of the Complaint a rational basis for Colina to reduce Plaintiff's work hours, because he claimed he needed more time to do legal work. Therefore, the Complaint fails to state an equal protection claim.

### C. Violation of the Americans with Disabilities Act under 42 U.S.C. § 12101

The Americans with Disabilities Act prohibits "federally funded state programs from discriminating against a disabled individual solely by reason of his or her disability." Matthews v. Pennsylvania Dept. of Corr., 613 F. App'x 163, 167 (3rd Cir. 2015). Public entities must make reasonable modifications to their programs and policies "in order to avoid discrimination on the

14

basis of disability." Id. (citing 28 C.F.R. § 35.130(b)(7)). To state a claim under the ADA, plaintiffs must allege that:

> (1) they are handicapped or disabled as defined under the statutes; (2) they are otherwise qualified to participate in the program at issue; and (3) they were precluded from participating in a program or receiving a service or benefit because of their disability.

CG v. Pennsylvania Dept. of Educ., 734 F.3d 229, 235 (3d Cir. 2013) (citing Chambers ex rel. Chambers v. School Dist. of Philadelphia Bd. of Educ., 587 F.3d 176, 189 (3d Cir. 2009)).

Plaintiff alleged he has a disability affecting his spine, for which he received benefits under the Social Security Disability Program. Plaintiff, however, has not alleged that he was excluded from participating in or that he was denied benefits of a service, program or activity by reason of his disability. See Pierce v. Pitkins, 520 F. App'x 64, 67 (3d Cir. 2013)(prisoner failed to allege any facts that inadequate or improper medical care he received was based on discrimination because of a disability.)

Plaintiff's claim that he was given a job assignment in prison that exceeded his abilities does not fit within the ADA's protection against exclusion from participation or denial of benefits by reason of disability. The Court cannot discern any other claim under the ADA that Plaintiff is asserting. Plaintiff's

15

claim regarding being assigned work which is inconsistent with his medical condition is more properly brought under the Eighth Amendment.

D.   Retaliation under 42 U.S.C. § 2000e

Plaintiff asserts that Defendants discriminated against him in his prison employment in violation of Title VII. "It is well established that a prisoner is not an employee under the Fair Labor Standards Act (FLSA), because the relationship is not one of employment, but arises out of the prisoner's status as an inmate." Wilkerson v. Samuels, 524 F. App'x 776, 779 (3d Cir. 2013)(per curiam); (citing Tourscher v. McCullough, 184 F.3d 236, 243 (3d Cir. 1999); Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992)). Similarly, there is no employment relationship between a prisoner and a prison under Title VII. Id. (citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991); see also E.E.O.C. Dec. No. 86-7, *3, 40 Fair Empl.Prac.Cas. (BNA) 1892 (1986)). Therefore, Plaintiff's Title VII claim(s) would not survive screening under 28 U.S.C. §§ 1915A, 1915.

Likewise, Plaintiff's claim of intentional discrimination in employment under 42 U.S.C. § 1981a, which does not create a new cause of action but authorizes additional remedies for plaintiffs whom can show violations of Title VII, would not survive screening

16

under 28 U.S.C. §§ 1915A, 1915. See Pollard v. Wawa Food Market, 366 F.Supp.2d 247, 251 (E.D. Pa. 2005)("the great weight of authority holds that § 1981a does not create an independent cause of action, but only serves to expand the field of remedies for plaintiffs in Title VII suits" (citations omitted)).

    F.    Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") subjects the United States to liability for the tortious conduct of federal government employees occurring within the scope of employment. 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff alleges he has exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"), as is required before this Court can exercise jurisdiction over his claims. However, Plaintiff has not named the United States as a defendant in his Complaint.

"[T]he FTCA authorizes suits only against the United States itself, not individual defendants or agencies." Banks v. Roberts, 251 F. App'x 774, 777 (3d Cir. 2007)(citing 28 U.S.C. § 2680(a)). A plaintiff fails to state a claim under the FTCA where the complaint failed to name the United States as a defendant. Id. (citing 28 U.S.C. § 2679(b)(1)). Plaintiff may wish to amend his Complaint to cure this defect.

    G.    Defendant Rehwinkle

17

Plaintiff alleged Defendant Rehwinkle, who is a Correctional Officer/Psychologist, knew that the problems Plaintiff was having in Food Services was causing him physical and mental harm, and Rehwinkle was deliberately indifferent by failing to intervene on Plaintiff's behalf. As Plaintiff's mental health treatment provider, Rehwinkle had a duty to provide adequate mental health treatment. See Latona v. Prison Health Services, 397 F. App'x 807, 811 (3d Cir. 2010)(finding insufficient evidence that member of mental health treatment team was deliberately indifferent to the plaintiff's mental health needs in violation of the Eighth Amendment.) Plaintiff has not alleged Rehwinkle failed to provide him adequate mental health treatment, but only that Rehwinkle failed to intervene in his employment dispute. Rehwinkle was not constitutionally required to intervene in Plaintiff's employment dispute.

H. Defendant Kwartin

Plaintiff alleged Defendant Kwartin was in charge of job changes in the West Compound of F.C.I. Fort Dix where Plaintiff worked, and he failed to authorize a job change for Plaintiff. Therefore, Plaintiff alleges Kwartin is liable for the retaliation and discrimination against Plaintiff in his job assignment.

18

Plaintiff does not have a constitutional right to choose his prison work assignment. See James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989)(prisoners do not have a liberty or property interest in a prison job assignment arising directly from the Due Process Clause.) The Complaint does not state a Bivens claim against Defendant Kwartin.

IT IS therefore on this **25th day of August, 2016,**

**ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 1-2) is denied without prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "Civil Case Terminated," without filing the complaint or assessing a filing fee; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this action is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original complaint was timely. See Houston v. Lack, 487 U.S. 266 (1988); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); and it is further

19

**ORDERED** that Plaintiff may have this matter reopened if, within thirty days of the date of this Order, he either prepays the $400 filing fee or files with the Clerk his affidavit of poverty and certified prison trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a); Plaintiff may also submit an amended complaint to cure the deficiencies of the Complaint described above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order and the accompanying Opinion, together with a blank form "Affidavit of Poverty and Account Certification (CIVIL RIGHTS)" on Plaintiff by regular U.S. mail.

s/RENÉE MARIE BUMB_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**