**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| JAMES STILE, | : | **CIV. NO. 16-3832 (RMB)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERCIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of an amended civil rights complaint, and an application to proceed in forma pauperis. (Am. Compl., ECF No. 5; IFP App., ECF No. 3.) Plaintiff is a prisoner confined in FCI Fort Dix. (Am. Compl., ¶3.) His IFP application is properly completed and establishes his financial inability to prepay the $400.00 filing fee.

I.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A, and must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. This Court preliminarily screened Plaintiff's original complaint (Compl., ECF

1

No. 1) and found that Plaintiff failed to state a claim upon which relief may be granted. (Order, ECF No. 2.) The Court now reviews Plaintiff's Amended Complaint.

II.  DISCUSSION

    A.   The Amended Complaint

The defendants in Plaintiff's Amended Complaint include the United States of America, Fort Dix Correctional Officers M. Colina, A. Burns, Malloy, R. Robinson, Kwartin, Hazelwood, Mason, Rehwinkle, Wilkes, and Warden Hollingsworth. (Am. Compl., ¶¶5-13(b)). Plaintiff asserts jurisdiction under Bivens; 42 U.S.C. §§ 1981, 1981a; 42 U.S.C. § 12101, 42 U.S.C. § 2000e-3, and 28 U.S.C. § 2671. (Id., ¶14.) He alleges exhaustion of the available administrative remedies for his Bivens and FTCA claims. (Id., ¶16.)

In his Statement of Facts, Plaintiff alleges that in the Fall of 2015, he asked Colina, an employee of the Federal Bureau of Prisons assigned to work in Food Services #10, if he could be relieved from his work assignment in the dining hall because he needed to do legal work to meet the court-mandated deadlines for filing. (Am. Compl., ECF No. 5, ¶17.) Colina refused. (Id.) Plaintiff went to Colina's supervisor, Burns, who referred Plaintiff back to Colina. (Id.) Plaintiff alleges the decision not to relieve him of work responsibilities before his 180th day of employment violated his

right of access to the courts, and his right to procedural due process. (Id., ¶18.)

Plaintiff provided each defendant with a copy of BOP Program Statement 1315.07I, which allows dispensation from work responsibilities based on impending court deadlines, and he also filed administrative remedy forms and cop-outs to let the defendants know about his grievance. (Id.) Plaintiff suffered emotional distress because he was not given time off work to spend on his litigation. (Id.)

On November 9, 2015, Colina forced Plaintiff to put his medical and legal work away under threat of a disciplinary report. (Id., ¶19.) Plaintiff alleges this was discrimination because there were other workers who failed to perform their work duties and were not treated the same way. (Id.) He explained to Colina that he was looking for an MRI report to bring to his medical appointment the next morning, and that he had court-mandated deadlines for his legal work. (Id.)

On November 10, 2015, Plaintiff had a medical appointment and did not report to work. (Id., ¶20.) Colina wrote a retaliatory disciplinary report against Plaintiff, knowing Plaintiff had told him about his medical appointment the previous day. (Id.) Plaintiff asserts retaliation under 42 U.S.C. § 2000e-3. In response to his

grievance about retaliation, he was intimidated into signing an informal resolution. (Id., ¶21.)

Plaintiff repeatedly asked Correctional Officer/Counselor Malloy for assistance in obtaining time off work to go to the law library. (Id., ¶22.) Malloy would not help. (Id.) Plaintiff also sought help from Malloy's supervisor, Robinson, the housing unit manager. (Id., 23.) Plaintiff signed an informal resolution with Robinson on November 12, 2015. (Id., ¶26.) After Plaintiff told Malloy the informal resolution of his grievances was no longer satisfactory, Malloy told Plaintiff he was on a list as a problem inmate. (Id., ¶26.) Plaintiff alleges this is "profiling and discrimination in violation of Federal statutes." (Id.)

Plaintiff contends Colina discriminated against him again by reducing his work hours in violation of 42 U.S.C. § 1981, 1981A; and this was done in retaliation against him for filing a BP-8 against Colina. (Id., ¶ 27.) He asked Malloy for another BP-8 grievance to file against Colina. (Id.) When Plaintiff reported to work later that day, Colina asked him if he was going to file a BP-8 regarding the reduction in his work hours, and Plaintiff responded "yes." (Id., ¶29.) Later that day, Plaintiff offered to informally resolve the dispute without filing the BP-8, if Colina would agree not to "take" his hours. (Id.) Colina refused and filed a disciplinary report

4

against Plaintiff for offering a bribe. (Id., ¶30.) This caused exacerbation of Plaintiff's PTSD and panic disorder (Id.)

Plaintiff is 60-years-old, and has been found disabled by the Social Security Administration since 1988. (Id., ¶31.) He was in medical segregation for spinal injuries for 10-months prior to his admission to FCI Fort Dix, and his muscles were atrophied when he arrived. (Id.) He was assigned to a second floor room and a food services work assignment over his objections. (Id.) He did not have a neurological examination prior to his work assignment. (Id.)

The medical work limitations assigned by Dr. Sood at FCI Fort Dix did not match the work limitations Plaintiff was given outside of prison in connection with his social security disability finding. (Id.) Dr. Sood recommended yoga for Plaintiff's spinal pain. (Id.) Plaintiff was not been provided an MRI of his spine with contrast, which was ordered by two doctors in January 2015. (Id.) He was not seen by a neurosurgeon until January 2016. (Id.) Plaintiff alleges all defendants were advised of his disabilities and that he should not be compelled to work. (Id., ¶32.) Colina compelled Plaintiff to perform work that was prohibited by the work limitations recommended by the FCI Fort Dix medical department, including bending at the waist and lifting weights in excess of his medical restrictions. This exacerbated pain in his spine. (Id., ¶33.)

5

In the "Causes of Action" section of his Amended Complaint, Plaintiff explains the legal basis for his claims against each defendant. (Am. Compl., ¶34A-34J.) It is in this Section of the Amended Complaint that Plaintiff attempts to cure the deficiencies of his original complaint, which this Court described in its Order dated August 26, 2016.

First, in Paragraph 34A, Plaintiff claims that Colina violated the following BOP Program Statements and regulations:

- 3420.11 Standards of Conduct;

- 1040.04 Non-discrimination, in violation of Policy 551.90;

- 28 C.F.R. § 545.23 by not allowing Plaintiff to be relieved of work duties in the kitchen based on his disability;

- Program Statement 3713.29 by discriminating against Plaintiff.

Second, Plaintiff alleges Colina retaliated against him in violation of 42 U.S.C. § 2000e-3 by writing two disciplinary reports. Plaintiff further alleges Colina violated his rights under 42 U.S.C. §§ 1981, 1981a by intentionally discriminating against him in the workplace.

Third, Plaintiff contends Colina's refusal to give him time off work to meet his legal deadlines exacerbated Plaintiff's PTSD and panic disorder, caused him to attend psychological services at Fort Dix, which in turn caused him to untimely file pleadings in two civil actions in the U.S. District Court, District of Maine. He also alleges

6

the District Court in Maine made rulings on his motions before he had time to reply, preventing him from having a fair hearing. Plaintiff alleges Colina, Burns, Malloy, Robinson, Mason, Kwartin, Hazelwood, Rehwinkle, Wilkes and Hollingsworth knew of his court-mandated deadlines and were deliberately indifferent to his legal responsibilities and to the "physical and psychological suffering . . . caused by their actions and inactions."

Fourth, Plaintiff asserts the exacerbation of his PTSD and panic disorder are injuries directly attributable to denial of access to the courts, and this should be sufficient to sustain his access to courts claim.

Fifth, Plaintiff alleges Colina and Burns discriminated against him by paying him less than other similarly situated inmates employed in Food Services #10. Plaintiff alleges "[o]ther inmates were on the job for the same hours as the Plaintiff but were paid more hours amounti[ng] to as much as more than 100% greater than the Plaintiff." He further alleges he was docked as much as one-hour of work per day for receiving medications, while other inmates were not docked to this extent. Plaintiff claims this conduct violated his right to equal protection under the law because "[t]here was no rational basis for the treating of the Plaintiff differently than the other kitchen

workers by deducting one hour daily from the Plaintiff for getting medications and not for the other inmates."

Sixth, Plaintiff explains his retaliation claims as follows. He alleges a liberty interest in remaining "shot free," meaning free of disciplinary infractions that can result in loss of good time credit. He claims that Colina's two disciplinary reports against him resulted in "negative notations" in his record. Although the disciplinary reports did not result in serious sanctions, they resulted in exacerbation of his PTSD and panic disorder because he was subjected to grueling interrogation "and then sanctions that are yet to be dispensed by the U.S. District Court of Maine in docket 2:14-CV-00406JAW." Plaintiff asserts the disciplinary reports were written in response to his filing administrative grievances against Colina. Burns "approved Colina's behavior" by co-signing the disciplinary reports.

In support of his ADA claims, Plaintiff explains that Defendants were aware of his disabilities through medical documentation in their possession, but they compelled Plaintiff to participate in a work program despite his disabilities, and this precluded him from full access to the law library, which was available to others. Therefore, Plaintiff contends that but for Defendants' failure to accommodate

8

his physical disabilities, he would have had full access to the law library facilities.

For his claims against Burns, Plaintiff alleges in Paragraph 34B that Burns is liable as Colina's direct supervisor. He further alleges Burns directly participated in coercive informal resolution of the BP-8 against Colina. Plaintiff also asserts Malloy failed to intervene on his behalf. (Am. Compl., ¶34C.)

Plaintiff seeks to hold Robinson, Mason and Warden Hollingsworth liable because they reviewed Plaintiff's numerous grievances and failed to act. (Id., §§34D, E, G.) Plaintiff also contends Hazelwood is liable "for his failure to act within his job description as Associate Warden of Food Services at F.C.I. Fort Dix." (Id., ¶34F.) Hazelwood agreed that Program Statement 1315.07I allowed Plaintiff to be granted a dispensation from work, and that Plaintiff's physical disabilities should have exempted him from work duties in Food Services #10 dining hall, but he did nothing to intervene on Plaintiff's behalf. (Id.)

In addition to claiming that Officer Rehwinkle "shares the same culpability" as the other defendants for failing to intervene on Plaintiff's behalf, Plaintiff alleges Rehwinkle failed to respond to his requests for more frequent mental health treatment, and was responsible for Plaintiff's continued suffering by delaying a

9

recommendation to have Plaintiff removed from the work detail in Food Service #10. (Id., ¶34H.)

Plaintiff seeks to hold Defendant Wilkes, the Assistant Medical Director at FCI Fort Dix, liable based on his awareness of Plaintiff's claims through his grievances. (Id., ¶34I.) Plaintiff also alleges Wilkes failed to obtain Plaintiff's medical records "for many months," and refused to view Plaintiff's MRI reports, and the Social Security Administration's ruling on his disability based on spinal injuries.

Plaintiff alleges Officer Kwartin is liable for refusing to authorize a job change for Plaintiff, which was part of Kwartin's responsibilities as a Correctional Officer on the West Compound of FCI Fort Dix. (Id., ¶34J.) Finally, Plaintiff added the United States of America as the defendant to his FTCA claim, based on the alleged negligence of the individual defendants. (Id.)

B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

C.    Retaliation under 42 U.S.C. § 2000e-3

As this Court noted in screening Plaintiff's original complaint (Order, ECF No. 2 at 16-17), "[i]t is well established that a prisoner is not an employee under the Fair Labor Standards Act (FLSA), because the relationship is not one of employment, but arises out of the

11

prisoner's status as an inmate." <u>Wilkerson v. Samuels</u>, 524 F. App'x 776, 779 (3d Cir. 2013)(per curiam); (citing <u>Tourscher v. McCullough</u>, 184 F.3d 236, 243 (3d Cir. 1999); <u>Vanskike v. Peters</u>, 974 F.2d 806, 809 (7th Cir. 1992)). Similarly, there is no employment relationship between a prisoner and a prison under Title VII. <u>Wilkerson</u>, 524 F. App'x at 779 (citing <u>Williams v. Meese</u>, 926 F.2d 994, 997 (10th Cir. 1991)); <u>see also</u> E.E.O.C. Dec. No. 86-7, *3, 40 Fair Empl.Prac.Cas. (BNA) 1892 (1986)). Therefore, the Court will dismiss with prejudice Plaintiff's Title VII retaliation claims under 42 U.S.C. 2000e-3, for failure to state a claim pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(b).

D.   <u>Violation of the Americans with Disabilities Act under 42 U.S.C. § 12101</u>

The Americans with Disabilities Act prohibits "federally funded state programs from discriminating against a disabled individual solely by reason of his or her disability." <u>Matthews v. Pennsylvania Dept. of Corr.</u>, 613 F. App'x 163, 167 (3d Cir. 2015). Public entities must make reasonable modifications to their programs and policies "in order to avoid discrimination on the basis of disability." <u>Id.</u> (citing 28 C.F.R. § 35.130(b)(7)). To state a claim under the ADA, plaintiffs must allege that:

> (1) they are handicapped or disabled as defined under the statutes; (2) they are otherwise qualified to participate in the program at

12

> issue; and (3) they were precluded from
> participating in a program or receiving a
> service or benefit because of their disability.

CG v. Pennsylvania Dept. of Educ., 734 F.3d 229, 235 (3d Cir. 2013)

(citing Chambers ex rel. Chambers v. School Dist. of Philadelphia

Bd. of Educ., 587 F.3d 176, 189 (3d Cir. 2009)).

Plaintiff alleges he has a disability affecting his spine, for which he received benefits under the Social Security Disability Program. He further alleges that because he was forced to work in food services despite this disability, he was denied full access to the law library.

While Plaintiff may have a Bivens claim based on his allegations of being forced to work beyond his physical capacity, he was not prevented from using the law library based on his physical limitations; he simply could not use the law library as often as he liked because he had a job assignment. Plaintiff's ADA claim will be dismissed with prejudice.

E.   Discrimination under 42 U.S.C. §§ 1981, 1981a

42 U.S.C. § 1981 provides:

> (a) Statement of equal rights
>
> > All persons within the jurisdiction of the
> > United States shall have the same right in
> > every State and Territory to make and
> > enforce contracts, to sue, be parties,
> > give evidence, and to the full and equal

13

> benefit of all laws and proceedings for the
> security of persons and property as is
> enjoyed by white citizens, and shall be
> subject to like punishment, pains,
> penalties, taxes, licenses, and exactions
> of every kind, and to no other.

> (b) "Make and enforce contracts" defined

>> For purposes of this section, the term
>> "make and enforce contracts" includes the
>> making, performance, modification, and
>> termination of contracts, and the
>> enjoyment of all benefits, privileges,
>> terms, and conditions of the contractual
>> relationship.

> (c) Protection against impairment

>> The rights protected by this section are
>> protected against impairment by
>> nongovernmental discrimination and
>> impairment under color of State law.

42 U.S.C. § 1981a provides for damages based on violation of 42 U.S.C.A. § 2000e-3, and under the Americans with Disabilities Act.

"[T]o state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is [a] member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute." Mannery v. Miller, Civ. Action No. 07-315, 2007 WL 1395358, at *2 (W.D. Pa. May 9, 2007)(citing Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); Imagineering,

14

Inc. v. Kiewit Pac. Correctional Officer, 976 F.2d 1303, 1313 (9th
Cir. 1992)(under section 1981, plaintiff must allege facts that would
support an inference that defendant intentionally and purposefully
discriminated against him); Hood v. New Jersey Dep't of Civil
Service, 680 F.2d 955, 959 (3d Cir. 1982)).

Plaintiff has not alleged discrimination on the basis of race.
Therefore, 42 U.S.C. § 1981 is inapplicable to him. Plaintiff's claim
under § 1981a will also be dismissed with prejudice because it does
not create an independent cause of action. See Pollard v. Wawa Food
Market, 366 F.Supp.2d 247, 252 (E.D. Pa. April 19, 2005)(listing
cases).

F.    Bivens Claims

In Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388, 395 (1971), the Supreme Court held that
damages may be obtained for injuries caused by "a violation of the
Fourth Amendment by federal officials." Bivens also extends to Eighth
Amendment claims by prisoners, see e.g., Carlson v. Green, 446 U.S.
14 (1980), First Amendment retaliation claims, see Hartman v. Moore,
547 U.S. 250, 256 (2006), and Fifth Amendment substantive due process
and equal protection claims, see e.g. Argueta v. U.S. Immigration
and Customs Enforcement, 643 F.3d 60, 67 (3d Cir. 2011).

15

In the limited settings where <u>Bivens</u> applies, "the implied cause of action is the 'federal analog to suits brought against state officials under ... 42 U.S.C. § 1983.'" <u>Iqbal</u>, 556 U.S. at 675–76 (quoting <u>Hartman</u>, 547 U.S. at 254 n. 2). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a <u>Bivens</u> claim against the offending individual officer, subject to the defense of qualified immunity." <u>Corr. Services. Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001).

Like § 1983 claims, there is no respondeat superior liability under <u>Bivens</u>, a defendant must have personal involvement in the constitutional violation for liability to attach. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). A supervisor, however, may be liable for his own misconduct. <u>Barkes v. First Corr. Medical, Inc.</u>, 766 F.3d 307, 320 (3d Cir. 2014) <u>reversed</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Taylor v. Barkes</u>, 135 S.Ct. 2042 (2015). The level of intent necessary to establish supervisory liability varies with the underlying constitutional tort. <u>Id.</u> at 319. For example, if the underlying tort is denial of adequate medical care under the Eighth Amendment, the mental state required to hold a supervisor liable for his own misconduct is deliberate indifference. <u>Id.</u>

Plaintiff alleges violation of his First Amendment right of access to the courts, retaliation in violation of his First Amendment

16

right to file a grievance; and violation of his right to equal protection and procedural due process under the Fifth Amendment. Plaintiff also alleges he was forced to work beyond his physical ability, causing him physical and emotional pain, a claim that falls under the Eighth Amendment proscription against cruel and unusual punishment.

      1.  <u>First Amendment Right of Access to the Courts</u>

Plaintiff alleges Colina's failure to give him time off from his prison work assignment to meet court-mandated deadlines in his litigation violated his First Amendment right of access to the courts. "[T]o pursue a claim of denial of access to the courts an inmate must allege actual injury, such as the loss or rejection of a legal claim." <u>Oliver v. Fauver</u>, 118 F.3d 175, 178 (3d Cir. 1997)(citing <u>Lewis v. Casey</u>, 116 S.Ct. 2174, 2179 (1996)). Plaintiff's allegation that he untimely filed pleadings in his legal actions does not rise to the level of an actual injury. Unless his legal claim was rejected due to his untimely filing, he does not allege an actual injury. <u>See</u> <u>Adegbuji v. Middlesex County</u>, 169 F. App'x 677, at *2 (3rd Cir. 2006)(plaintiff failed to allege actual injury where he admitted that he received continuances and no legal claims were dismissed.)

Plaintiff also contends the District Court in Maine made rulings on his motions before he had time to reply, preventing him from having a fair hearing. The facts alleged are insufficient to show Plaintiff's inability to timely file a reply was the cause of a legal ruling against him. Plaintiff's right of access to the courts claim will be dismissed without prejudice.

2.   First Amendment Retaliation Claims

Plaintiff alleges two acts of retaliation by Colina. First, Colina filed a disciplinary report against him for not reporting to work, although Colina knew he had a medical appointment that morning. Second, Colina filed a disciplinary report against him for offering a bribe. The alleged bribe was that Plaintiff would not file his grievance against Colina, if Colina agreed not to reduce Plaintiff's work hours.

Plaintiff asserts that Colina's two disciplinary reports against him resulted in "negative notations" in his record that could have resulted in serious sanctions. The disciplinary reports were written in response to Plaintiff filing BP-8 administrative grievances against Colina.

The elements of a retaliation claim include (1) constitutionally protected conduct, (2) an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from

18

exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)(quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)(alteration in original). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (citing Krouse v. American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997); Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997)).

Filing a grievance in prison is constitutionally protected conduct. See Mitchell, 318 F.3d at 530 (citing Babcock v. White, 102 F.3d 267, 275-76 (7th Cir. 1996)(prisoner could survive summary judgment on his claim that prison officials retaliated against him for "use of the 'inmate grievance system' and previous lawsuits"). Filing a prison disciplinary action against a prisoner in retaliation for filing a grievance is an adverse action sufficient to deter a person of ordinary firmness from engaging in the protected activity

when the possible sanctions are more than *de minimus*. <u>Watson v. Rozum</u>, --F.3d--, 2016 WL 4435624, at *3 (3d Cir. Aug. 23, 2016).

Plaintiff did not identify the grievance he filed against Colina in the Fall of 2015, which allegedly caused Colina to retaliate by filing a disciplinary infraction against Plaintiff for failing to report to work on November 10, 2015. Thus, Plaintiff has not pled sufficient facts to suggest an unusually suggestive temporal proximity between his filing an unidentified grievance against Colina and Colina filing a disciplinary infraction against him. Therefore, this claim will be denied without prejudice.

Plaintiff's second retaliation claim alleges a close temporal proximity between his filing a BP-8 against Colina for reducing his work hours on December 2, 2015, and Colina filing a disciplinary infraction against him the same day. This claim may proceed past screening against Colina. Apart from his allegation that Burns co-signed the infraction report, which is insufficient to state a retaliation claim against Burns, Plaintiff has not alleged how any other defendant was personally involved in retaliation, only that plaintiff made all of the defendants aware of his grievances. Therefore, the supervisory claims will be dismissed.

3. <u>Equal Protection Claims</u>

20

Plaintiff alleges "[o]ther inmates were on the job for the same hours as the Plaintiff but were paid more hours amounti[ng] to as much as more than 100% greater than the Plaintiff." He explains that he was docked as much as one-hour of work per day for receiving medications, while other inmates were not docked to this extent. He concludes Colina and Burns discriminated against him by paying him less than other similarly situated inmates employed in Food Services #10, and there was no rational basis for deducting as much as 10 hours weekly from Plaintiff when the same was not done to similarly situated inmates.

To allege an equal protection claim under the "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Plaintiff's allegation that similarly situated inmates' pay intentionally was not docked to the same extent as his, which the Court accepts as true at this stage of the litigation, is sufficient to state an equal protection claim under a "class of one" theory. This claim may proceed against Colina and Burns. Plaintiff has not sufficiently alleged how any other defendant was personally involved in an equal protection violation, apart from their knowledge

of his grievances, and the supervisory liability claims will be dismissed.

    4.   <u>Eighth Amendment Claims</u>[1]

<u>Bivens</u> actions have been extended to Eighth Amendment claims of prisoners. <u>Carlson</u>, 446 U.S. at 23. The Eighth Amendment's proscription against cruel and unusual punishment prohibits compelling an inmate "to perform physical labor which was beyond his strength, endangered his life or health, or caused undue pain." <u>Johnson v. Townsend</u>, 314 F. App'x 436, 440-41 (3d Cir. 2008). In cases involving inmate health or safety, the relevant state of mind is deliberate indifference to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Supervisors may be liable for their subordinates' Eighth Amendment violation "if it is shown that they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" <u>Barkes v. First Correctional Medical, Inc.</u>, <u>766 F.3d 307, 316</u> (3d Cir. 2014) <u>reversed on other grounds by Taylor v. Barkes</u>, 135 S.Ct. 2042 (2015)(quoting <u>A.M. ex rel. J.M.K. v. Luzerne County Juvenile Det. Ctr.</u>, 372 F.3d 572, 586 (3d Cir.

---

[1] The Court notes Plaintiff made allegations against Dr. Sood that seem to imply deliberate indifference to evaluating and treating Plaintiff's spinal injuries, but Plaintiff has not named Dr. Sood as a defendant in this action.

2004)(quoting <u>Stoneking v. Bradford Area Sch. Dist.</u>, 882 F.2d 720, 725 (3d Cir. 1989)). Additionally, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. <u>Id.</u> (citing <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190–91 (3d Cir. 1995)) There is no liability where the defendant's only involvement in the alleged unconstitutional conduct is responding to an administrative remedy request. <u>See</u> <u>Brooks v. Beard</u>, 167 F. App'x 923, 925 (3d Cir. 2006)(alleged inappropriate response to later-filed grievances about medical treatment do not establish personal involvement in the treatment itself).

Plaintiff asserts Colina compelled him to perform work that was prohibited by the work limitations recommended by the FCI Fort Dix medical department, including bending and lifting. This exacerbated pain in his spine. Plaintiff's Eighth Amendment claim against Colina may proceed.

Plaintiff alleges all defendants were advised of his disabilities and that he should not be compelled to work, and they failed to intervene on his behalf. There is no liability where the defendant's only involvement in an Eighth Amendment deliberate

indifference claim is responding to a later-filed grievance. <u>Brooks</u>, 167 F. App'x at 925. Plaintiff has failed to allege personal involvement to support supervisory liability claims against Defendants Malloy, Robinson, Mason, Hazelwood and Hollingsworth for failure to intervene when he complained that Colina forced him to perform work beyond his medical restrictions.

Plaintiff asserts Wilkes, who is the assistant medical director, who was aware of Plaintiff's claim that he was being forced to work beyond his medical restrictions, failed to obtain Plaintiff's medical records "for many months," refused to view Plaintiff's MRI reports, and refused to review the Social Security Administration's ruling on his disability based on spinal injuries. These allegations are sufficient to allege Wilkes' personal involvement in forcing Plaintiff to perform work beyond his medical restrictions. Plaintiff's Eighth Amendment claim against Wilkes may proceed.

Plaintiff alleges Officer Kwartin was in charge of job changes in the West Compound of F.C.I. Fort Dix where Plaintiff worked, and he failed to authorize a job change for Plaintiff after all defendants were advised of Plaintiff's disability and that he should not be compelled to perform work exceeding his medical restrictions. Therefore, Plaintiff has alleged sufficient facts to establish Kwartin's personal involvement in an Eighth Amendment violation.

24

Plaintiff claims Rehwinkle, who is his mental health treatment provider, was deliberately indifferent to the exacerbation of his panic disorder and PTSD. She failed to respond to his requests for more frequent mental health treatment. Plaintiff alleges he suffered unnecessarily because Rehwinkle delayed her recommendation to have Plaintiff removed from his job assignment because it was detrimental to his physical and mental health.

A prison official can be liable under 42 U.S.C. § 1983 for deliberate indifference to an inmate's serious medical needs, in violation of the Eighth Amendment. Goodrich v. Clinton County Prison, 214 F. App'x 105, 110 (3d Cir. 2007). There are two components to such a claim. Id. First, the medical need must be objectively "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). Second, the prison official must act with deliberate indifference, which is established when "the official was aware of a substantial risk of serious harm to the prisoner but disregarded that risk by failing to take reasonable measures to abate it." Id., (quoting Farmer, 511 U.S. at 837).

A mental illness may constitute a serious medical need. Id. (citing Inmates of the Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3d Cir. 1979)). Deliberate indifference may be shown where "prison authorities deny reasonable requests for medical treatment

25

... and such denial exposes the inmate to undue suffering." Id. (quoting Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)(quotation and citation omitted)).

Plaintiff alleges that he has panic disorder and PTSD, for which he is receiving treatment. Therefore, he has established a serious medical need. Plaintiff further alleges his dispute with Colina exacerbated his panic disorder and PTSD, but Rehwinkle did not respond to his requests for more frequent treatment. When Colina accused Plaintiff of offering a bribe:

> Plaintiff's PTSD and panic disorder became exacerbated over the next few days bringing on a decompensation upon the Plaintiff's mental state resulting in the Plaintiff seeking help from the Psychologist/Correctional Officer Defendant Rehwinkle. The Plaintiff's illness of PTSD and panic disorder took control of his mental capacity in a debilitating manner and causing the Plaintiff to experience both physical and emotion[al] pain and distress.

(Am. Compl., ¶30.)

Based on Plaintiff's claim that Rehwinkle ignored Plaintiff's requests for more frequent treatment upon exacerbation of his mental illness, and his claim that Rehwinkle caused him undue suffering by delaying a recommendation that Plaintiff be removed from his job assignment, he has pled sufficient facts, which accepted as true, support his allegation of deliberate indifference to a serious mental

26

health need. Thus, the Eighth Amendment claim against Rehwinkle may proceed.

     5. <u>Due Process Claim</u>

     Plaintiff alleges Colina violated his constitutional rights by violating BOP Program Statement 1315.07I. The Fifth Amendment provides that no person shall be deprived of life, liberty, or property, without due process of law. "To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred without due process of law." <u>Burns v. PA Dept. of Correction</u>, 544 F.3d 279 (3rd Cir. 2008)(citing <u>Ky. Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460 (1989); <u>Reynolds v. Wagner</u>, 128 F.3d 166, 179 (3d Cir. 1997).

> A liberty interest in a prison condition can arise in two ways. It can arise from the Due Process Clause itself or from laws regulating the treatment of prisoners which use language of a mandatory character, such as the words "shall," "will" or "must," to restrict the freedom of prison authorities to make such decisions.

<u>James v. Quinlan</u>, 866 F.2d 627, 629 (3rd Cir. 1989)(citing <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 & 469–72 (1983). No protectible liberty interest is created by a regulation which accords officials "unfettered discretion." <u>Connecticut Board of Pardons v. Dumschat</u>, 452 U.S. 458, 465–66 (1981).

Plaintiff alleges Colina violated Program Statement 1315.07I by not allowing him time off work to meet court-mandated legal deadlines. Program Statement 1315.07I(5) provides in relevant part:

> In cases where an inmate can demonstrate a need to comply with an imminent court deadline, the Associate Warden responsible for Unit Teams may authorize use of the law library during work hours. Inmates will submit their request directly to the appropriate Associate Warden. This submission must include proof of the imminent court deadline and indicate why the legal work cannot be accomplished during leisure time.

(Am. Compl., ECF No. 5-1, Ex. A.)

This Program Statement allows the Associate Warden unfettered discretion in authorizing use of the law library during a prisoner's work hours. Therefore, this Program Statement does not create a protectable liberty interest that entitles Plaintiff to procedural due process. Plaintiff's due process claim based on Program Statement 1315.07I will be dismissed with prejudice.[2]

### G.   Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") subjects the United States to liability for the tortious conduct of federal government employees

---

[2] Although Plaintiff alleges Defendants violated other Program Statements and BOP regulations, he has not alleged that these violations denied him a protected liberty or property interest without due process. The Court assumes Plaintiff alleges violation of these policies and regulations in support of his FTCA claim.

occurring within the scope of employment. 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff alleges he exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"), as is required before this Court can exercise jurisdiction over his claims. The Court will allow Plaintiff's claims under the Federal Tort Claims Act to proceed.

III. CONCLUSION

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for the reasons discussed above, the Court will grant Plaintiff's IFP application and dismiss, with prejudice because amendment of these claims is futile, Plaintiff's Title VII retaliation claims under 42 U.S.C. § 2000e-3, discrimination claims under 42 U.S.C. § 1981a, ADA claims under 42 U.S.C. § 12101, and Fifth Amendment due process claim.

The Court will dismiss without prejudice Plaintiff's discrimination claim under 42 U.S.C. § 1981, supervisory claims under Bivens against Malloy, Robinson, Mason, Hazelwood and Hollingsworth; First Amendment right of access to courts claim, and First Amendment retaliation claim based on a disciplinary infraction for failing to report to work.

Finally, the Court will allow the following claims to proceed past screening: FTCA claim, First Amendment retaliation claim based on a disciplinary infraction for offering a bribe; "Class of one"

equal protection claim against Colina and Burns for docking Plaintiff's hours to a greater extent than similarly situated inmates; Plaintiff's Eighth Amendment claims against Colina, Wilkes and Kwartin for compelling him to perform work beyond the medical restrictions given by the FCI Fort Dix medical department; and Plaintiff's Eighth Amendment claims against Rehwinkle for deliberate indifference to his serious medical needs. An appropriate Order follows.

DATED: **October 20, 2016**

                                    s/RENÉE MARIE BUMB_____
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**