**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMES STILE, | : | **CIV. NO. 16-3832 (RMB)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

APPEARANCES:

JAMES STILE
FCI-Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640
    Plaintiff, *pro se*

JESSICA ROSE O'NEILL
Office of the U.S. Attorney
District of New Jersey
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    On behalf of Defendants

This matter comes before the Court upon Plaintiff's motions for a temporary restraining order (ECF Nos. 7, 25, 33) in this prisoner civil rights action. For the reasons discussed below, the Court denies Plaintiff's motions. The Court also denies Plaintiff's second request for an extension of time to file a reply to Defendant's motion for partial summary judgment. (ECF No. 45.)

I.  BACKGROUND

On October 20, 2016, Plaintiff filed an amended prisoner civil rights complaint, and this Court permitted several claims to proceed and dismissed the remaining claims. (Opinion, ECF No. 8 at 29-30.) Plaintiff is a prisoner in FCI Fort Dix. His FTCA and Bivens claims arise out of Plaintiff's requests for time off from his work assignment to spend in the law library, and his allegation that his work assignment exceeds his medical limitations. (Am. Compl., ECF No. 5.)

The Court allowed one of Plaintiff's First Amendment retaliation claims against his work supervisor, Corrections Officer Colina, to proceed. (Opinion, ECF No. 8.) Plaintiff alleged that Colina filed a disciplinary report against him on December 2, 2015, in retaliation for Plaintiff filing a grievance against Colina that same day. (Id. at 20.) In the disciplinary report, Colina alleged Plaintiff offered him a bribe in exchange for agreeing not to reduce Plaintiff's work hours. (Id.) The Court permitted this retaliation claim to proceed. (Id.)

The Court also allowed Plaintiff's "class of one" equal protection claim against Colina and Burns to proceed. (Id. at 21.) Plaintiff alleged Colina and Burns discriminated against him by docking his pay by up to one-hour per day when he

2

received his medications, more than any other inmate's pay was docked for the same reason. (Id. at 21.)

The Court permitted Plaintiff's Eighth Amendment claims to proceed against several defendants. (Opinion, ECF No. 8 at 22-23.) First, Plaintiff alleged that Colina compelled him to perform work that was prohibited by his work limitations given by the Fort Dix medical department. (Id. at 23.) Second, Plaintiff alleged the assistant medical director, Wilkes, was aware that Plaintiff was being forced to work beyond his medical limitations. (Id. at 24.) Wilkes failed to obtain Plaintiff's medical records for many months, refused to review Plaintiff's MRI reports, and refused to review the Social Security Administration's ruling on Plaintiff's disability. (Id.)

Third, Officer Kwartin was in charge of job changes in the area of the prison where Plaintiff worked. (Id.) Plaintiff alleged Kwartin refused to authorize a job change for Plaintiff after he was advised of Plaintiff's disability. (Id.) Fourth, Plaintiff alleged his mental health provider, Rehwinkle, denied his requests for more frequent mental health treatment based on exacerbation of his panic disorder and PTSD; and that Rehwinkle caused him undue suffering by delaying the recommendation that he be removed from his job assignment. (Id. at 25-27.) Finally, the Court allowed Plaintiff's FTCA claim(s) to proceed. (Id. at 28.)

3

II. DISCUSSION

    A. <u>Plaintiff's Motions</u>

        1. <u>Plaintiff's First Motion for a Temporary Restraining Order ("TRO")</u>

Plaintiff filed his first motion for a TRO before the amended complaint was served on the defendants. (Mot. for TRO Pursuant to Fed. R. Civ. P. 65 ("Pl's First Mot. for TRO") ECF No. 7.) The gravamen of Plaintiff's motion is that "mass punishment" against Fort Dix prisoners based on the action of one prisoner, such as the suspension of TRULINCS [email privileges]; 4 p.m. curfews; lockdowns; and reduced hours of law library access; interferes with Plaintiff's access to the courts. (<u>Id.</u> at 12.) Plaintiff alleged:

> As should be readily apparent to this Court at this time, this Petitioner has a case load of litigation that some small law firms do not and cannot entertain even with modern day tools such as computer word processing programs, databases, internet, online access to the Electronic Court Filing System (ECF), secretaries, and paralegals.

(<u>Id.</u> at 4.)

Plaintiff supplemented his first motion for a TRO on November 7, 2015. (Supp. to Mot. for TRO Pursuant to Fed. R. Civ. P. 65, ECF No. 13.) Plaintiff asserted he suffered irreparable harm when the Superior Court of Kennebec County in Maine denied his motion for an extension of time to file a reply to the Respondent's response. (<u>Id.</u> at 1.) Further, Plaintiff

4

claims that due to the sanctions imposed by F.C.I. Fort Dix, Plaintiff failed to timely file an appeal, and the Kennebec County Superior Court entered an order granting relief to the respondent. (Id.) Plaintiff then filed a motion to compel the Court to issue the requested TRO. (Mot. for U.S.D.C. to Grant TRO Pursuant to Fed. R. Civ. P. 65 as Was Motioned for by Pl. in ECF No. 7, ECF No. 25.) On February 28, 2017, Plaintiff filed an affidavit in support of his first motion for a TRO. (Aff. of Pl., ECF No. 29.)

Prior to service of the amended complaint, counsel for the Federal Bureau of Prisons ("BOP") made a special appearance to respond to Plaintiff's first motion for a temporary restraining order. (BOP Letter, ECF No. 14.) The BOP argued Plaintiff's first TRO motion is entirely based on his First Amendment right of access to courts claim, which the Court dismissed when screening the amended complaint. (Id.) Plaintiff opposes the BOP's letter response as untimely and improperly informal. (ECF No. 25.)[1]

   2.   Plaintiff's Second Motion for a TRO

On March 29, 2017, after Defendants filed an answer to the

---

[1] The BOP's letter was not untimely because the Amended Complaint had not yet been served. The Court will accept the BOP's informal letter response to Plaintiff's first motion for a TRO because there is no prejudice to Plaintiff. See Veverka v. Royal Caribbean Cruises, Ltd., 649 F. App'x 162, 167 (3d Cir. 2016) (district courts have substantial discretion to depart from their local rules.)

5

amended complaint and a motion for partial summary judgment, Plaintiff filed a second motion for preliminary injunctive relief. (Mot. for Restraining Order Pursuant to Fed. R. Civ. P. 65 ("Pl's Second Mot. for TRO") ECF No. 33.) Plaintiff seeks a TRO restraining Defendant Colina from retaliating against Plaintiff, and asks the Court to levy a monetary sanction against Colina as a deterrent. (Id. at 1.) Pursuant to Federal Rule of Civil Procedure 65(a), when there is notice of a motion for preliminary injunctive relief on the adverse party, as with Plaintiff's second motion, the Court may issue a preliminary injunction, rather than a temporary restraining order.

In support of this motion, Plaintiff alleges Colina goes out of his way to "encounter" Plaintiff when he is trying to avoid him, and during these encounters, Colina has said things like, "we will see who gets the last laugh." (Pl's Second Mot. for TRO, ECF No. 33 at 1-2.) Furthermore, on more than one occasion, Colina refused to serve Plaintiff dinner when Plaintiff arrived at "last call." (Id. at 3-5.) Plaintiff alleges these acts were in retaliation for Plaintiff filing this lawsuit. (Id.)

Plaintiff also alleges a retaliation claim against Dr. Steinberg. (Id. at 6-7.) Plaintiff contends that he voluntarily attended psychological services for one-and-a-half years, and in February 2017, he chose to discontinue, as was his

6

right under the Fourteenth Amendment. (Id.) On March 23, 2017, Dr. Steinberg summoned Plaintiff to see him, and Plaintiff declined. (Id. at 7.) Dr. Steinberg threatened to write an Incident Report, so Plaintiff complied. (Id.) Dr. Steinberg told Plaintiff if he did not continue in psychological services, he would be disciplined. (Id.) Dr. Steinberg wrote a Disciplinary Report against Plaintiff for refusing to obey an order. (Id. at 8.)

Plaintiff stated "[i]t is of significan[t] consequence that these actions against Stile are occurring at a time when Stile had filed a Motion for (TRO) Temporary Restraining Order to prohibit F.C.I. Fort Dix from imposing "mass punishment" against Plaintiff Stile and other inmates similarly situated at F.C.I. Fort Dix." (Id.)

The Federal Defendants responded by letter to Plaintiff's second motion for preliminary injunctive relief. (Fed. Defs' Letter, ECF No. 37.) The Federal Defendants argue that the retaliation claims in Plaintiff's motion are not connected to the claims in his amended complaint. (Id.) Before Plaintiff can amend his complaint to include new claims of retaliation, he must first exhaust his administrative remedies. (Id.)

B. Standard of Law

Federal Rule of Civil Procedure 65(a)-(b)(1) provides:

(a) Preliminary Injunction.

7

> (1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.
>
> (2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
>
> (b) Temporary Restraining Order.
>
> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The same four-factor test is applied to requests for a temporary restraining order or a preliminary injunction. See e.g. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir.1990)(preliminary injunction); DePinto v. Bayonne Bd. of Educ., 514 F.Supp.2d 633,

636 (D.N.J. 2007)(temporary restraining order). The movant must produce sufficient evidence that all four factors favor preliminary relief. Opticians Ass'n of America, 920 F.2d at 192. The four factors are:

> "[1] the likelihood that the applicant will prevail on the merits at final hearing; [2] the extent to which the plaintiffs are being irreparably harmed by the conduct complained of; [3] the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and [4] the public interest." Bill Blass, Ltd. v. Saz Corp., 751 F.2d 152, 154 (3d Cir. 1984).

Id.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc., 765 F.3d 205, 210 (3d Cir. 2014)(quoting Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 586 (3d Cir.2002) (quotation marks omitted)). The movant bears the burden of proof. Id.

C. Analysis

In his first motion for a TRO, Plaintiff seeks to preclude "mass punishment" practices at FCI Fort Dix, alleged to be in violation of his Fourteenth Amendment right to due process, and

9

interference with his First Amendment right of access to the courts. The alleged "mass punishment" practices at FCI Fort Dix have nothing to do with the claims in the amended complaint that this Court permitted to proceed.

Preliminary injunctive relief is not a tool for prisoners to use to regulate "in every way, every day, the terms and conditions of plaintiff's confinement simply because they are 'in court' and regardless of the relation of the activity desired to be stopped with the claim in the complaint." Muhammad v. Director of Corrections, No. CIV S-07-0375 GEB GGH P, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009). Plaintiff cannot establish the likelihood of success on the merits of his claims by raising new, unrelated claims. Therefore, the Court denies Plaintiff's first motion for a TRO.

Plaintiff's second motion for preliminary injunctive relief is based on new allegations of retaliation by Colina and others. For the reasons discussed below, Plaintiff is not likely to succeed on the merits of his retaliation claims. See Snee v. Barone, 359 F. App'x 281, 284 (3d Cir. 2009)(affirming district court's denial of preliminary injunctive relief where prisoner failed to establish likelihood of success on the merits of alleged infringement of his constitutional rights).

> To state a claim for retaliation, a plaintiff must allege that: (1) he was engaged in constitutionally protected

10

> conduct, (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision" to take that action. Rauser [v. Horn], 241 F.3d [330] 333 [3d Cir. 2001].

Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012). The inquiry into whether an alleged "adverse action" is sufficient to deter a person of ordinary firmness from exercising his constitutional rights is an objective inquiry, and presents a question of fact. Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012). Colina's alleged conduct of approaching Plaintiff when Plaintiff was trying to avoid him, cursing Plaintiff for suing him, and stating that they will see who gets the last laugh is insufficient to deter a person of ordinary firmness from exercising a constitutional right. See Burgos v. Canino, 358 F. App'x 302, 306 (3d Cir. 2009) ("threats alone do not constitute retaliation . . .")(citing Maclean v. Secor, 876 F.Supp. 695, 699 (E.D.Pa. 1995)(collecting cases)).

Plaintiff also alleges that, in February 2017, Colina refused to serve Plaintiff dinner when he arrived late to the dining hall. (Pl's Second Mot. for TRO, ECF No. 33 at 2.) Plaintiff admits that Colina "relented" but "served only two hamburger buns with two sausages and nothing more." (Id. at 3.) This is also an insufficient adverse action to state a retaliation claim.

11

Similarly, Plaintiff's claim of retaliation on March 21, 2017, is based, in part, on allegations that Colina embarrassed Plaintiff by yelling at him in front of others. (Id. at 4.) The fact that Plaintiff was embarrassed by Colina yelling at him is not a sufficient "adverse action" to state a claim for retaliation in violation of the First Amendment.

Plaintiff also alleges Colina refused to serve him dinner on March 21, 2017. Plaintiff is not likely to succeed in establishing the causation element of retaliation. Plaintiff admits he was not assigned to eat in the particular dining hall where Colina refused to serve him; he went there only because he was too late to go to his assigned dining hall. (ECF No. 33 at 3-4.) A retaliation claim will fail if the defendant establishes that the same decision would have been made absent any retaliatory motive. See Watson, 834 F.3d at 426 (citing Rauser, 241 F.3d at 334 ("once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.)

Finally, Plaintiff is not likely to succeed on the causation requirement of his retaliation claim against Dr. Steinberg. Plaintiff alleged Dr. Steinberg wrote an Incident

12

Report against him around the time when Plaintiff filed his first motion for a TRO. Dr. Steinberg has nothing to do with Plaintiff's allegations regarding "mass punishment" in his first motion for a TRO. Furthermore, Dr. Steinberg is not a defendant to this action. It is difficult to imagine why Dr. Steinberg would retaliate against Plaintiff for bringing this action or his subsequent motion for a TRO. See Royster v. Beard, 308 F. App'x 576, 579 (3d Cir. 2009)(affirming summary judgment for defendants on retaliation claims where previously filed grievances did not name the defendants who purportedly took adverse action). For all of these reasons, the Court will deny Plaintiff's second motion for preliminary injunctive relief.

III. PLAINTIFF'S SECOND REQUEST FOR AN EXTENSION OF TIME

On May 25, 2017, this Court granted Plaintiff's request for an extension of time, until August 3, 2017, to file a reply to Defendants' motion for partial summary judgment. (Order, ECF No. 44.) With six weeks remaining to file a reply to the defendants' motion, Plaintiff requested an additional extension of time. (Mot. for Further Ext. of Time, ECF No. 45.) Plaintiff has not shown good cause why a further extension should be granted.

IV. CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motions for relief injunctive relief under Fed. R.

Civ. P 65, and denies his request for an extension of time to file a reply to Defendants' motion for partial summary judgment.

An appropriate order follows.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: June 19, 2017